

**MICHAEL C. BAXTER**
Oregon State Bar ID Number 91020
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff ~~Lee~~ King

FILED'09 MAY 1 1403USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD KING,** | Case No. |
| Plaintiff, | |
| v. | CV 09 494 AA |
| **TRANS UNION LLC**, a foreign corporation, **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation, | **COMPLAINT** Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) |
| | Demand for Jury Trial |
| Defendants. | |

Plaintiff alleges that at all times material:

1.

This court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Richard King ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

Page 1 –COMPLAINT

26653

3.

Defendants Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian"), are consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Plaintiff is a victim of identity theft. Since 2005, false accounts, not belonging to plaintiff, were reported by Trans Union and Experian. Plaintiff disputed the false information in his credit reports. Trans Union and Experian failed to conduct a reasonable investigation and as a result false information continued to be reported on plaintiff's credit report. These credit reporting agencies disseminated this false information to third parties without a permissible purpose to obtain it.

5.

Plaintiff submitted a West Lynn Police Department police report of the identity theft to Experian and Trans Union. Trans Union and Experian did not block the fraudulent account which plaintiff disputed and was appearing, and continued to appear, from reporting on plaintiff's Trans Union and Experian credit reports.

FIRST CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

(Against Trans Union and Experian)

6.

Plaintiff realleges paragraphs 1- 5 as if fully set forth herein.

7.

Trans Union and Experian willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

c) providing plaintiff's credit file to companies without determining if these companies had a permissible purpose to obtain plaintiff's credit file, pursuant to U.S.C. §1681b;

d) failing to block false information appearing in the file within 4 days after receipt by Experian and Trans Union of proof of the identity of plaintiff, a copy of the identity theft report containing plaintiff's identification information, and a statement that the disputed accounts were not plaintiff's, pursuant to 15 U.S.C. §1681c-2.

8.

As a result of Trans Union's and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, and invasion of privacy, all to his damages, in an amount to be determined by the jury.

9.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

10.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

11.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(Against Trans Union and Experian)

12.

Plaintiff realleges paragraphs 1- 5 as if fully set forth herein.

13.

Trans Union and Experian negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

c) providing plaintiff's credit file to companies without determining if these companies had a permissible purpose to obtain plaintiff's credit file, pursuant to U.S.C. §1681b;

d) failing to block false information appearing in the file within 4 days after receipt by Experian and Trans Union of proof of the identity of plaintiff, a copy of the identity theft report containing plaintiff's identification information, and a statement that the disputed accounts were not plaintiff's, pursuant to 15 U.S.C. §1681c-2.

14.

As a result of Trans Union's and Experian's violations of the FCRA, plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, and invasion of privacy, all to his damages, in an amount to be determined by the jury.

15.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

16.

Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

PRAYER

Plaintiffs demand a jury trial on all claims. Wherefore plaintiff Richard King prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendants Trans Union and Experian:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury; and,

    c. Statutory damages as determined by the court; and

    d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendants Trans Union and Experian:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

3. On All Claims for Relief, costs and expenses incurred in this action.

DATED this 27th day of April, 2009.

/s/ Michael C. Baxter
Michael C. Baxter, OSB # 910203
michael@baxterlaw.com
Justin M. Baxter, OSB # 99217
justin@baxterlaw.com
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff

Page 5 – COMPLAINT